GORMAN, J.
The plaintiff in error asks this court to reverse a judgment rendered by the superior court of Cincinnati in favor of the defendants in error upon a motion for a judgment upon the pleadings.
The original action was brought in the superior court of Cincinnati on August 13, 1913, by Frank Hoffard and Annie Hoffard, two of the defendants in error, against the plaintiff in error, the "Williams Shoe Company, a corporation, Richard G-. Bray, William W. Williams, Fred. Weber, Charles Weber, Henry 0. Johnson, Asa Lashlorn, Charles Sohngen, Edgar Cummings, Walter L. Thorne and T. Newton Jones. The petition set out in substance that the individuals above named were directors and stockholders of the Williams Shoe Company and that the Williams Shoe Company was an organization organized under the laws of the state of Ohio; and the plaintiffs set out that the stockholders were seeking to sell and dispose of all the property and assets of the company in a manner not authorized by the statute of Ohio regulating such sales by corporations. They also set out that the intended purchaser of the property was a stockholder of the company, and that he intended to pay for the assets by a cancellation of the indebtedness of the company held by him and which they aver he procured with money and other assets of the company, and that the company was therefore entitled to all discounts, rebates and other profits that might be made on the purchase of said indebtedness, by said stockholder, against the company. The prayer of the pétition was for a perpetual injunction restraining the corporation, directors and stockholders, from disposing of the entire assets of said company in any manner save as provided in Secs. 8710 to 8717 G. C., and further prayed for an accounting between the company and the contemplated purchaser of the assets of the company. And, further, that an order be made upon a determination of the amount paid by the prospective purchaser, to transfer and turn over to said company said claims, upon pay *342 ment to them of the amount paid by them for said bills and accounts. . And they prayed for such other and further relief as the nature of the case may require.
Summons was issued on this petition; no answer was ever filed by any of the defendants, but on September 12, following the filing of the petition, the court made an order enjoining the Williams Shoe Company, the stockholders and directors “from proceeding further with the sale of said property except as hereinafter directed. The injunction hereby granted against each and every of said defendants, as above, does not apply to and cover a sale of the entire property, such as may lawfully be made, as provided in Sec. 8710 G-. C. et seq.” The court further finds in said entry “that the present board of directors of the Williams Shoe Company has been legally constituted and that it has legal authority to act on behalf of said company, and that Richard C. Bray and Frederick Weber are the legal holders of the claims against said company heretofore acquired by them. And as to all other matters not expressly adjudicated herein, including the amounts for which said claims so held by said Bray and Weber may be enforced against said company, this cause of action is hereby continued for further hearing.”
Two days before the making of this entry there appears an anomalous proceeding in the way of a “Report” and “Motion for confirmation of report and sale. ’ ’ This report was filed without any order having been made so to do by the court, and, so far as the record discloses, without any warrant or authority of law. This report purported to be filed by Charles Weber, secretary of the Williams Shoe Company, in which he sets out that on August 22, 1913, a duly and lawfully called meeting of the board of directors of the said Williams Shoe Company was held. A report and a true and correct copy of the minutes of said meetings are hereto attached and made part hereof marked “Exhibit A.”
The purported copy of the minutes of the directors’ meeting of the Williams Shoe Company, held August 22, 1913, sets out those who were present as being all of the directors; and that action was taken to sell and dispose of the entire assets of the corportion in the manner provided in Sec. 8710 to 8718 G. C., *343 and that “the directors considering that the order of court heretofore made in said case has enjoined the manner of a previous effort to dispose of said assets by and through certain trustees appointed for that purpose, ’ ’ the minutes further set out that the directors fully complied with the order of said court; and a resolution was offered and carried unanimously by the directors that the proposition of Frederick Weber to purchase the assets of the Williams Shoe Company, except the stockholders’ liability, amounting to $91,760.72, be accepted. There is also attached what purports to be a notice Of a stockholders’ meeting for September 6, 1913, for the purpose of ratifying and approving the action of the directors in selling the assets to Frederick Weber in accordance with his proposition. And at this meeting on a vote being taken it appeared that there were 4044 shares voting, of which 4009 voted yes and 35 no. There also appears as an exhibit attached to the report a copy of the deed of conveyance of all the assets of the Williams Shoe Company to Frederick Weber for the .sum of $91,760.72, etc., and a purported copy of an agreement made between Frederick Weber and the Williams Shoe Company to purchase said assets for said sum. The report thereupon proceeds to move the court to approve and confirm all of the proceedings had by the stockholders and directors of said company, and to confirm the sale made by the said the Williams Shoe Company to Frederick Weber.
On the same day that the report was filed, the judge of the superior court made an entry confirming the report, setting out in said entry that the requirements of Secs. 8710 to 8718 G. C., had been fully complied with “in accordance with the order of the court heretofore made herein.”
This would appear to be as far as the court could have gone in this proceeding, if indeed it could have gone as far as it did. It is a question whether or not the court had any power or authority to receive the report of the sale of the assets and to confirm the same, inasmuch as there was no prayer in the petition for the sale of the assets, nor was there any order made by the court to sell the assets. The action brought was purely an equitable one for an injunction and an accounting. Furthermore, Sees. 8710 G. C., et seq., do not contemplate any court pro *344 eeedings being taken enabling a corporation to sell its entire assets. Those sections contemplate that a corporation itself, without any court proceedings, may proceed to sell the assets of the corporation in the manner therein provided.
On June 27,1914, nine months after the last entry was made, a purported supplemental petition was filed by the plaintiffs, Frank Hoffard and Annie Hoffard, in which they set up that the assets of the Williams Shoe Company had been sold in pursuance of the action of the stockholders and directors at the meeting held August 22,1913, and that the defendant, Frederick Weber, had purchased said assets. They set out the terms of the purchase, and further set out that on October 3, 1913, they notified the Williams Shoe Company and its board of directors in writing that they were dissatisfied with said sale and the nature of their objection, and demanded payment for their stock in said company; that another of the stockholders of record, John Eeoler, the holder of twenty-eight shares of preferi’ed stock and seven shares of common stock, also at the same time served a similar notice in writing; and that said notice was strictly in compliance with the remedy created by the laws of Ohio in Secs. 8710 to 8718 G. C. It further alleges that the Williams Shoe Company failed to pay. And that the Williams Shoe Company selected as arbitrator Joseph A. Sahlfeld to act for them and the plaintiffs selected I. M. Freiberg, and these two selected-John F. Ankenbauer; and that the three arbitrators gave due and proper notice to the interested parties of their meetings; that the first meeting was held March 27, 1914, and that the plaintiffs and the defendant were represented by their counsel, William Creed and Ed. A. Hafner, appearing for the Williams Shoe Company, and W. B. Mente and Henry Bentley appearing for Frank and Annie Hoffard; evidence was taken and the arbitrators made an award finding the value of the stock of plaintiffs to be $1,900, and a copy of the award is attached to the supplemental petition. They further allege that the Williams Shoe Company was furnished with a copy of said award and neglected for more than sixty days to take any action thereon, and failed to pay the amount of the award; and they therefore pray for judgment against the defendant in the sum of $1,900, *345 with interest at six per cent, from September 6,1913. The purported copy of the award attached to the supplemental petition appears to be signed by two of the arbitrators only, John F. Ankenbauer and I. M. Freiberg.
It thus appears that there was engrafted on this bill of equity an action at law pure and simple, to recover a money judgment. •
Thereafter, on December 16, 1914, John Keoler filed an intervening petition, by leave of court, in which he set up substantially the same state of facts as was set up in the supplemental petition by Frank and Annie Hoffard with this difference, that he claimed to be the owner of twenty-eight shares of the preferred stock of the Williams Shoe Company and of seven shares of the common stock of said company, and he asked for a personal judgment against the defendant, the Williams Shoe Company, in the sum of $2,100, with interest from September 6, 1913. And there is attached to the intervening petition what purports to be a copy of an award made by the same arbitrators, signed by two only, as in the Hoffard ease. Summonses were issued upon the supplemental petition and upon the intervening petition, and service was duly made upon the Williams Shoe Company and the defendants, Frederick Weber and Charles Weber.
Thereupon the Williams Shoe Company filed answers to the supplemental petition and the intervening petition, which answers are substantially the same, in which they admit most of the allegations of the supplemental petition and the intervening petition, but deny that there was any award made in favor of Frank Hoffard and wife or in favor of John Keoler. They deny that the arbitrators made an award finding the value of the stock of Hoffard and wife to be $1,900, and they deny that the copy of said award attached to the supplemental petition as Exhibit A and made part thereof is the award. The same denial appears in the answer to the intervening petition of Keoler.
Whereupon Hoffard and wife, and Keoler filed motions for judgment upon the pleadings, and the court granted said motions, and entered judgment in favor of Hoffard and wife for *346 the amount of their claim with interest; and for Keoler for the amount of his claim with interest.
There were two separate judgments entered — one in favor of Hoffard and wife on their supplemental petition, and one in favor of Keoler on his intervening petition. We have, therefore, the anomalous situation in this case of three final judgments in one case: the decree on the bill in equity, and two separate judgments — one on the supplemental petition and another on the intervening-petition — in favor of different parties; and these judgments were rendered in the face of the fact that the defendants denied in their answers to the supplemental petition and to the intervening petition that the arbitrators made an award in finding the value of'the stock of plaintiffs as alleged in the petitions, and in the face of the denial that copies of the awards were attached to the petitions in the case.
Sections 8710, 8711 and 8712 provide that a corporation may sell its entire assets by taking certain steps therein set out, upon the vote of three-fourths of the directore and upon the action of the board of directors being ratified by three-fourths of the stockholders at a meeting called for that purpose. These sections, as above stated, do not contemplate any court proceedings, but the entire proceeding is to be taken by the stockholders and directors of the corporation.
Section 8713 provides that if a stockholder be dissatisfied with such sale and refuses to participate in the proceeds thereof, within thirty days after the adoption of such an agreement to sell he shall state his objections in writing and file them with the corporation, and in writing he shall demand from it payment for his stock. Within sixty days thereafter such corporation shall pay to him the value of his stock. In case of a disagreement as to the value of the stock it shall be ascertained by three disinterested persons, one of whom is to be chosen by the stockholder who is dissatisfied, one by the directors of the corporation, and the other by the two so selected, who shall conduct an arbitration as provided by the law regulating arbitrations.
Section 8714* provides that if the award is not paid within sixty days from its making, and notice thereof given to the «stockholder and the corporation, its amount shall be evidence *347 of the amount due from the corporation, and may be collected as other debts against it.
It would appeal”, therefore, that if an award be made by three disinterested persons, as provided by Sec. 8713, and the company fails to pay the award, the amount so found shall be evidence of the amount due from the corporation and shall be collected as other debts against it. There is no mode of collecting debts from a corporation except by voluntary payment by the corporation or by resort to the court for a judgment for the amount of the claim.
We can see no warrant or authority of law for the filing of the supplemental petition or the intervening petition in this case by two separate stockholders of the corporation upon the claim that an award had been made to them. Each of these parties has a right of action in separate suits against the corporation, for failure to pay an award; but from the record in this case the court was not authorized to enter a judgment against the plaintiff, even if there had been separate suits brought, upon a motion for a judgment on the pleadings, there being a denial, in the answers, of an award and of other material facts. . The question of the right to recover should have been submitted to a jury.
The record further discloses that the alleged award was not made by three disinterested persons, but by two only, and there is no provision for making an award by two disinterested persons. The statute authorizes them to proceed according to the methods of arbitration which will be found in Sec. 12148 to 12160 inclusive. These provisions apply to a statutory arbitration, but the arbitration provided for under Sec. 8713 is manifestly not a statutory arbitration. If anything, it is a common law arbitration. See Columbus & H. V. & T. Ry. v. Burke, 54 Ohio St. 98 [43 N. E. 282; 32 L. R. A. 329]; Mock v. Bowman, 24 O. C. C. 27 (2 N. S. 574).
We have been somewhat puzzled to determine what judgment shall be entered in this proceeding in error. We are satisfied that the court erred in entering a judgment against the Williams Shoe Company upon the supplemental petition, and upon the intervening petition, and the judgments should be reversed. *348 We are further of the opinion that the court below should not have permitted the supplemental petition or the intervening petitipn to have been filed in the action brought by the plaintiffs. The court could not engraft upon a bill in equity two causes of action at law for money judgments against the defendants. ■ If the Williams Shoe Company had objected to the filing of the supplemental petition and the intervening petition, it would have been the duty of the court to refuse to permit them to be filed; or, if an objection had been made after they were filed it would have been the duty of the court to strike them from the files.
Upon the whole, we think that the proper course to pursue in this case is to reverse these judgments upon the supplemental petition and the intervening petition, and remand the case to the superior court, with directions to dismiss the supplemental and intervening petitions, and to proceed to try any question remaining undisposed of under the original bill filed in the cause.
Judgment accordingly.
Jones (B, H.), and Jones (Oliver B.)» JJ.» concur.